# EXHIBIT

# 2

AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Jean Robert Saint-Jean, et. al | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-cv-2122 |
| Emigrant Mortgage Company, et. al | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Center for Responsible Lending, 910 17th Street NW, Suite 500, Washington, DC 20006

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Attachment - "Schedule A"

| Place: Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299 | Date and Time:<br>02/27/2015 9:00 am |
| --- | --- |

The deposition will be recorded by this method: Stenographer and may be videotaped

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/20/2015

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Emigrant Mortgage Company, who issues or requests this subpoena, are:
Evandro Gigante, Eleven Times Square, New York, NY 10038-8299, egigante@proskauer.com, 212-969-3132

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-cv-2122

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information, or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information·
 (A) *Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim, and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Jean Robert Saint-Jean, et. al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-cv-2122 |
| Emigrant Mortgage Company, et. al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Center for Responsible Lending, 910 17th Street NW, Suite 500, Washington, DC 20006

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment - "Schedule B"

| Place: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 | Date and Time: 02/26/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/20/2015

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Emigrant Mortgage Company , who issues or requests this subpoena, are:

Evandro Gigante, Eleven Times Square, New York, NY 10038-8299, egigante@proskauer.com, 212-969-3132

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer, or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
  **(iv)** subjects a person to undue burden
 **(B)** *When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information, or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
 **(B)** *Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
 **(C)** *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim, and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
 **(B)** *Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim The person who produced the information must preserve the information until the claim is resolved

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

## SCHEDULE A

TOPICS OF DEPOSITION

Please see the attached Definitions and Instructions, below, which apply to the following Topics of Deposition

TOPIC NO. 1:

Any and all contacts with and/or communications to, from and/or between Plaintiff Linda Commodore and Counsel as testified to during the February 12, 2015 deposition of Linda Commodore and/or alleged in the Second Amended Complaint, including but not limited to in paragraph 176.

TOPIC NO. 2:

Any and all contacts with and/or communications to, from and/or between Plaintiffs Jeanette and/or Beverly Small and Counsel as testified to during the January 23, 2015 deposition of Jeanette Small and/or alleged in the Second Amended Complaint, including but not limited to in paragraph 204.

TOPIC NO. 3:

Any and all contacts with and/or communications to, from and/or between Plaintiff Felipe Howell and Counsel as testified to during the January 29, 2015 deposition of Felipe Howell and/or alleged in the Second Amended Complaint, including but not limited to in paragraph 225.

## SCHEDULE B

REQUESTS FOR DOCUMENTS AND THINGS

Please see the attached Definitions and Instructions, below, which apply to the following Requests for Documents and Things.

### REQUEST NO. 1

All documents concerning the communications described in Schedule A, Topic 1, including but not limited to notes, memos, email, drafts of the Second Amended Complaint and time/billing records.

### REQUEST NO. 2

All documents concerning the communications described in Schedule A, Topic 2, including but not limited to notes, memos, email, drafts of the Second Amended Complaint and time/billing records.

### REQUEST NO. 3

All documents concerning the communications described in Schedule A, Topic 3, including but not limited to notes, memos, email, drafts of the Second Amended Complaint and time/billing records.

DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to both the Topics of Deposition contained in Schedule A and the Requests for Documents and Things contained in Schedule B.

1. "You" shall mean the Center for Responsible Lending and any of its partners, employees, agents and/or anyone else acting on its behalf.

2. "Counsel" shall include South Brooklyn Legal Services, the Center for Responsible Lending and/or Relman, Dane & Colfax PLLC, and any of their partners, employees, agents and/or anyone else acting on any of their behalf.

3. "Second Amended Complaint" shall mean the Second Amended Complaint filed in *Jean Robert Saint-Jean, et al. v. Emigrant Mortgage Company*, et al., 11-CV-2122, on October 2, 2014.

4. In responding to these requests, you are required to furnish all responsive documents that are within your possession, custody or control.

5. In responding to these requests, you must make a diligent search for all responsive documents.

6. If any responsive document was but is no longer in your possession, custody or control, state whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others, or (d) otherwise disposed of. In addition, in each such instance, identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7. These requests are continuing in nature. You are required to amend or supplement your responses as provided in Fed. R. Civ. P. 26(e)(1).

8. In the event that any document is to be withheld on the basis of a claim of privilege, that document is to be identified by providing a log listing the names of the addressor(s) and author(s) of the document and the company or other entity on whose behalf the document was prepared or signed, the recipient(s) of the document, any date that appears on the document, the type of document (e.g., email, letter, memorandum), a description of the subject matter of the document, and the nature of the applicable privilege.

9. If a portion of any document responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

10. You are to produce all requested documents in their entirety, without deletion or excision except as qualified by Paragraph 9, *supra*, including both the front and, if there is any matter on the back, the back thereof, and all documents currently or formerly attached or affixed thereto.

You are to comply with this Instruction regardless of whether you consider the entire document to be relevant or responsive to the requests.

11. Each document request herein should be construed independently. No request should be construed by reference to any other request for the purpose of limiting the scope of response to such request.

12. If you object to the production of any documents on the ground that compliance with a particular request would be unduly burdensome, set forth the number and nature of documents that would need to be searched if documents called for by the request were to be produced, the location of such documents, the number of hours that it would take to conduct such a search, and the costs that would be involved in conducting such a search.

13. These requests cover all documents that are in your possession, custody or control, and all documents in the possession, custody or control of those from whom you have the ability or right to obtain such documents. For any document that you are able to obtain or have a right to obtain from a third party (such as an accountant), you shall request and obtain that document promptly and produce it to Emigrant.

14. You must produce all responsive documents without regard to whether or not you believe such documents are in the possession, custody or control of Emigrant, or are otherwise available to Emigrant, as the fact of your possession of those documents may, in and of itself, constitute evidence in this action.

15. To the extent that you believe any request is vague or imprecise, counsel for Emigrant offers to confer as to the intended scope of such document request prior to service of your responses hereto.

16. The terms "include," "includes" and "including" shall be construed to mean "without limitation."

17. The term "concerning" means relating to, referring to, describing, evidencing or constituting.