UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEAN ROBERT SAINT-JEAN, et al.,

                Plaintiffs,

                                              11 CV 2122 (SJ) (RLM)

      -against-                             MEMORANDUM AND
                                              ORDER

EMIGRANT MORTGAGE
COMPANY, et al.,

                Defendants.
-------------------------------------------------------X
A P P E A R A N C E S

SOUTH BROOKLYN LEGAL SERVICES
Foreclosure Prevention Project
105 Court Street
Brooklyn, NY 11201
By:    Sara Linda Manaugh
        Jennifer Sinton
        Meghan Faux
        Rachel Geballe
Attorneys for Plaintiffs

RELMAN & DANE, PLLC
1225 19th St., NW, Suite 600
Washington, DC 20036
By:    John P. Relman
        Glenn Schlactus
        Tara Ramchandani
        Timothy Smyth
Attorneys for Plaintiffs

CENTER FOR RESPONSIBLE LENDING
910 17th St NW, Suite 500
Washington, DC 20006
By:    Michael D. Calhoun
Attorney for Plaintiffs

1

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
By: Bettina B. Plevan
 Evandro Cristiano Gigante
 Keisha-Ann G. Gray
Attorneys for Defendant

DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
By: David A. Scheffel
 Eric B. Epstein
 Gina Susan Spiegelman
Attorneys for Defendant

JOHNSON, Senior District Judge:

On April 18, 2014, Magistrate Judge James Orenstein denied Defendants' Motion to Disqualify Counsel for plaintiffs Edith and Jean Robert Saint-Jean ("Plaintiffs"). On August 4, 2014, Judge Orenstein granted Plaintiffs' Motion to Seal the transcript of the April 18, 2014 appearance before him. On March 13, 2015, Judge Orenstein (1) granted Plaintiffs' Motion to Quash subpoenas issued by Defendants to Wells Fargo Bank and JP Morgan Chase; (2) granted Plaintiffs' Motion to Quash subpoenas issued by Defendants to Plaintiffs' counsel seeking to discover the contents of conversations between Plaintiffs and their counsel; (3) denied Defendants' Motion to Compel Production of Plaintiffs' tax returns. Defendants have objected to each of these rulings. The Court assumes the parties'

familiarity with the underlying facts, the procedural history, and the issues presented for review.

## DISCUSSION

A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rules of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Thomas E. Hoar Inc. v. Sara Lee Corp., 990 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990) (finding that pretrial discovery matters "generally are considered 'nondispositive' of the litigation," and thus subject to this deferential standard of review); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).

Under the "clearly erroneous" standard of review, a district court may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67–68 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)) (internal quotations omitted); see also United States v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). Similarly, under the "contrary to law" standard of review, a district

court may reverse a finding only if it finds that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted). Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. See Thomas E. Hoar, Inc., 900 F.2d at 524; United States v. District Council of New York City, 782 F.Supp. 920, 922 (S.D.N.Y. 1992). "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." Arista Records, 604 F.3d at 117 (internal citation omitted). Thus "a party seeking to overturn a discovery order bears a heavy burden." AP Links. LLC v. Global Golf. Inc., No. 08–CV–1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011) (internal citations omitted).

I. Motion to Disqualify Counsel

Defendants argue that Plaintiffs' counsel cannot adequately represent either plaintiff in this civil matter because Mr. Saint-Jean admitted in his deposition to filing tax returns that failed to indicate that he was married and failed to report rental income he received from his mother-in-law, who lives at the subject property. According to Defendants, Mrs. Saint-Jean is "at risk of sizeable fines and

imprisonment" on account of this testimony, which Defendants see as having created an unwaivable conflict.

Defendants' deep concern for Mrs. Saint-Jean is misplaced. There is no actual conflict here. "The possibility that future conflicts of interest may arise does not require disqualification." All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund, No. 08 CV 1816 (LDW)(AKT), 2010 WL 2243351, at *4 (E.D.N.Y. Jun. 1, 2010) (citing Tartaglia v. City of New York, No. 98 CV 5584, 1999 WL 151104, at *2 (S.D.N.Y. Mar. 19, 1999) and Softel, Inc. v. Dragon Medical and Scientific Communications Ltd., No. 87 CV 0167, 1995 WL 75490, at *4 (S.D.N.Y. Feb. 23, 1995)). Defendants do not allege that another action or investigation is pending that would pit the interests of the Saint-Jeans against each other. There has been no evidence that counsel for Plaintiffs have privileged information about one Plaintiff that could be used against him or her in furtherance of representation of the other. Judge Orenstein's finding that there was no evidence of "taint" is therefore neither clearly erroneous nor contrary to law. See, e.g., Board of Educ. of City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979).

II. Motion to Seal Transcript

On August 4, 2014, Judge Orenstein granted Plaintiffs' motion for a protective order, sealing a portion of the transcript of the April 18, 2015 appearance before him.

Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). Judge Orenstein found that the redacted portions of the transcript were "largely superfluous" and "could have easily been avoided."

This Court finds that the contested portions of the transcript are not "judicial documents" because they were not useful to the Court in determining whether the motion to disqualify should be granted. The presumption of public access does not apply and thus Judge Orenstein's decision was neither clearly erroneous nor contrary to law.

III.    Motion to Quash Third Party Subpoenas for Documents and Testimony

The subject of the subpoenas quashed by Judge Orenstein principally include conversations between Plaintiffs and their counsel, specifically the conversations in which Plaintiffs met with counsel to discuss whether they had any legal recourse once the loans were in default and foreclosure appeared imminent. Defendants object to the order because they believe that the substance of the communications between Plaintiffs and their counsel is vital to Emigrant's ability to challenge their statute of limitations arguments. Defendants even go so far as to say that the information would "show[] that these conversations did not provide any new information to Plaintiffs." This is a complicated action that has been pending with heavy docket activity for four years. Numerous lengthy orders have resulted, many

analyzing sophisticated issues of lending, refinance instruments, and in one case a history of federal housing law and policy. The idea that Plaintiffs met with their lawyers already knowing enough to understand this interplay is simply too farfetched a basis upon which to invade the territory of either the attorney-client privilege or work product doctrine. Therefore, Judge Orenstein's order granting the motion to quash is affirmed.

IV. Motion to Compel Production of Plaintiffs' Tax Returns and Loan Documents

On December 20, 2013, Judge Orenstein set December 23, 2013 as the close of discovery, absent "a timely showing of the existence of the most compelling and unforeseeable of circumstances that prevented the discovery from being completed sooner." (Dkt. Entry of 12/20/2013.)

Nevertheless, on February 27, 2015, Defendants moved to compel production of some of the Saint-Jean's tax returns. Defendants have also served subpoenas on JPMorgan Chase Bank ("Chase") and Wells Fargo Home Mortgage ("Wells Fargo"), seeking documents related to the 2001 Chase and 2008 Wells Fargo mortgages on the Saint-Jean home that preceded the mortgage at issue. Those subpoenas were issued on February 12, 2015 and February 23, 2015, respectively. Defendants cite little more than that the documents are "highly relevant."

As observed by Judge Orenstein, the parties are essentially in agreement as to what statements were made on the tax returns at issue, and Defendants are free to

use those statements for impeachment without resort to further (and eleventh-hour) discovery. (Dkt. No. 169 at 36-37.) As to Plaintiffs' bank records with Chase and Wells Fargo, Defendants have failed to show why these loan documents became relevant so late in the litigation. Judge Orenstein's finding that they have failed to show cause is neither clearly erroneous nor contrary to law. See, e.g., Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) (affirming denial of untimely motion to compel); American Dream Enter. v. Mana Products, Inc., No. 06 CV 3354 (FB) (RML) 2009 WL 1291561, at *2 (E.D.N.Y. May 8, 2009) ("[E]stablishing good cause to modify a scheduling order depends on the diligence of the moving party.") (internal quotations omitted).

## CONCLUSION

For the foregoing reasons, Judge Orenstein's April 18, 2014, August 4, 2014, and March 13, 2015 orders are affirmed. Defendants shall serve their motion for summary judgment upon Plaintiffs within thirty days of the entry of this order. Plaintiffs shall serve its opposition within thirty days of their receipt of Defendants moving papers. Defendants shall serve their reply and file the fully-briefed motion with the Court within two weeks of receipt of Plaintiff's opposition. The parties are reminded to adhere to the terms of the Court's April 21 orders regarding these filings, lest they be stricken.

SO ORDERED.

Dated: June 18, 2014             _____/s_____
       Brooklyn, NY             Sterling Johnson, Jr., Senior U.S.D.J.