UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEAN ROBERT SAINT-JEAN, EDITH
SAINT-JEAN, FELEX SAINTIL, YANICK
SAINTIL, LINDA COMMODORE,
BEVERLEY SMALL, JEANETTE SMALL,
and FELIPE HOWELL,

                **MEMORANDUM**
      **Plaintiffs,**           **AND ORDER**

      -against-              11-CV-2122 (SJ)

EMIGRANT MORTGAGE COMPANY,
EMIGRANT BANK, and EMIGRANT
BANCORP, INC.,

      **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   Currently pending before this Court is a motion filed by Emigrant Mortgage Company, Emigrant Bank, and Emigrant Bancorp, Inc. (collectively, "Emigrant" or "defendant") to maintain under seal portions of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Oct. 5, 2015) ("Pl. SJ Opp."), Electronic Case Filing ("ECF") Docket Entry ("DE") #364, and Defendants' Reply Memorandum of Law in Support of Motion For Summary Judgment (Oct. 5, 2015) ("Def. SJ Reply"), DE # 368. <u>See</u> Letter Motion to Seal (Nov. 11, 2015) ("11/11/15 Def. Mot."), DE #377.[1] For the reasons that follow, the motion to seal is denied in its entirety.

---

[1] All papers filed in connection with defendants' motion for summary judgment were temporarily filed under seal. <u>See</u> 11/11/15 Def. Mot. at 1 n.1.

## **FACTUAL BACKGROUND**[2]

Defendant seeks an order sealing portions of the parties' memoranda of law submitted in connection with defendant's motion for summary judgment. To that end, defendant argues that

> [p]ortions of the briefs should be sealed for two reasons. First, the briefs referred to, and purport to characterize, communications between Emigrant and one of its banking regulators, the New York State Banking Department[], now known as the Department of Financial Services ("DFS"). These references are subject to confidentiality protections imposed by the New York State Banking Law and should be filed under seal. Second, Emigrant's confidential and proprietary business information should also be filed under seal because, if disclosed, this information will provide competitors with confidential information about Emigrant's business strategies, internal deliberations, and other commercially sensitive information.

11/11/15 Def. Mot. at 1.

Defendant moves to seal nine portions from the brief filed by plaintiffs in opposition to defendant's summary judgment motion, and three portions from defendant's own reply brief (collectively, the "Banking Portions"), on the ground that these portions are subject to the confidentiality requirements of section 36(10) of New York's Banking Law. See 11/11/15 Def. Mot. at 3-4. The referenced statute states that "[a]ll reports of examinations and investigations, correspondence and memoranda concerning or arising out of such [banking] examination and investigations . . . shall be confidential communications" and "shall not be made public" unless authorized by the superintendent of the DFS. N.Y. Banking Law

---

[2] The Court assumes familiarity with this case, and incorporates by reference its previous findings and analyses.

§ 36(10). Defendant contends that only the DFS, and not defendant, has the authority to waive this confidentiality. See 11/11/15 Def. Mot. at 3.[3] In addition, defendant also moves to seal four portions of plaintiffs' summary judgment opposition brief that refer to internal communications of Emigrant Bank's board of directors (the "Board") regarding Emigrant Mortgage Co.'s STAR loan program. Defendant argues that these portions (collectively, the "STAR Portions") "contain[] highly confidential and proprietary information about Emigrant's business practices[,]" the disclosure of which would "provide an unfair advantage to competitors." Id. at 4.[4]

Plaintiffs oppose defendant's motion to seal in its entirety. See Response in Opposition re Letter Motion to Seal (Nov. 24, 2015) ("11/24/15 Pl. Opp."), DE #380. According to plaintiffs, Magistrate Judge James Orenstein, to whom the case was previously assigned, has already ruled that section 36(10) of New York's Banking Law does not govern in this case, and the federal bank-examination privilege does not to apply to the factual materials produced to plaintiffs in discovery (and referenced in the Banking Portions). See 11/24/15 Pl. Opp. at 1. They also argue that defendant has not met its burden of showing that the STAR Portions do, in fact, contain competitive business information. See id. at 2-3.

---

[3] Defendant further asserts that the limited waiver that the DFS previously made in order to permit the disclosure of some confidential information to plaintiffs did not "allow the entirety of its correspondence with Emigrant to be filed publicly." 11/11/15 Def. Motion at 3.

[4] Defendant contends that one of the STAR Portions -- to wit, page 9, lines 19-21 of plaintiffs' summary judgment opposition brief -- is also subject to the confidentiality requirements of New York Banking Law § 36(10). See 11/11/15 Def. Motion at 5.

In connection with the motion to seal, the Court directed defendant to serve on the DFS the Banking Portions, and invited the DFS to express its views regarding the need to seal those Portions. See Order re Letter Motion to Seal (Nov. 19, 2015) at 2, DE #379. The DFS's general counsel responded in a letter that "[t]he Department has reviewed, and does not object to the unsealed filing of," the Banking Portions of the parties' briefs. Letter Faxed to Chambers from Peter C. Dean . . . (dated Dec. 1, 2015) ("DFS Letter"), DE #381.[5]

## DISCUSSION

**I. The Presumptive Right of Public Access to Judicial Documents**

"The courts have long recognized a common law right of public access to judicial documents." Stern v. Cosby, 529 F.Supp.2d 417, 420 (S.D.N.Y. 2007) (quotations and citations omitted); see, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The public's "right to inspect and copy . . . judicial records and documents," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978), is "founded upon the public's interest in monitoring the judiciary's administration of justice." United States v. Basciano, Nos. 03-CR-929, 05-CR-060, 2010 WL 1685810, at *2 (E.D.N.Y. Apr. 23, 2010) (citing United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II")). As the Second Circuit explained:

> Transparency is pivotal to public perception of the judiciary's legitimacy and independence. The political branches of government claim legitimacy by election, judges by reason. Any

---

[5] The DFS's letter further "requests that the other confidential supervisory information produced in this litigation continue to be kept confidentially." DFS Letter. The Court will address that request if and when such other information becomes the subject of a dispute between the parties over sealing additional portions of the record.

> step that withdraws an element of the judicial process from public
> view makes the ensuing decision look more like fiat and requires
> rigorous justification.

United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (quotation and citation omitted).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Stern, 529 F.Supp.2d at 420 (citing Lugosch, 435 F.3d at 119-20; Amodeo II, 71 F.3d at 1048-52).

> First, the court must determine whether the documents are indeed
> judicial documents, to which the public has a presumptive right of
> access. Second, if the documents are judicial documents, the court must
> determine the weight of the presumption, that is, whether the
> presumption is an especially strong one that can be overcome only by
> extraordinary circumstances or whether the presumption is a low one that
> amounts to little more than a prediction of public access absent a
> countervailing reason[,] or whether the presumption is somewhere in
> between. Third, once the weight of the presumption is determined, a
> court must balance competing considerations against it. Countervailing
> factors include, among others, the danger of impairing judicial efficiency
> and the privacy interests of those resisting disclosure.

Stern, 529 F.Supp.2d at 420 (internal quotations and citations omitted); accord Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CV-5023 (CBA), 2010 WL 889799, at *2 (E.D.N.Y. Mar. 8, 2010); Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 158-60 (S.D.N.Y. 2003).

The right of public access gives rise to a rebuttable presumption of public availability, the weight of which presumption "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Amodeo II, 71 F.3d at 1049. "[D]ocuments used by parties

moving for, or opposing," a dispositive motion are subject to the strongest presumption of public access. Lugosch, 435 F.3d at 123; see Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'"); Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."); Stern, 529 F.Supp.2d at 422 (reasoning that the strength of the presumption turns on whether the submissions were made in support of a motion on the merits); Diversified Grp., 217 F.R.D. at 158-59 ("The presumption is given great weight where the requested documents were . . . material to a court's disposition of a case on the merits."). In applying the presumption of access, "'a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need' for the request." Mariano v. La Fitness, Inc., No. CV 09-1395(LDW)(ETB), 2010 WL 1459383, at *1 (E.D.N.Y. Apr. 13, 2010) (quoting Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994)).[6]

---

[6] The Second Circuit has also recognized a qualified constitutional presumption of access to both civil and criminal proceedings and judicial documents, arising under the First Amendment. See Nycomed, 2010 WL 889799, at *3 (citing Lugosch, 435 F.3d at 124; Gambale, 377 F.3d at 140 & n.4). Under the constitutional standard, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind., 347 F.App'x 615, 616-17 (2d Cir. 2009) (internal quotations and citations omitted). Because defendant has made no showing sufficient to rebut the common law presumption of access to the judicial documents at issue here, the Court need not determine

(continued…)

While not disputing that the parties' summary judgment briefs are entitled to a strong presumption of public access, defendant nonetheless contends that "countervailing factors" overcome that presumption. See 11/11/15 Def. Mot. at 1 (citing In re Sept. 11 Litig., 723 F.Supp.2d 526, 530 (S.D.N.Y. 2010); Lugosch, 435 F.3d at 119-20). Defendant argues that "[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." Id. at 2 (quoting Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).

## II. The Banking Portions

As a threshold matter, plaintiffs are correct that section 36(10) of New York's Banking Law does not govern in this case, see 11/24/15 Pl. Opp. at 3, which arises under federal law, see Amended Complaint (Oct. 2, 2014) ¶ 10, DE #264. "Assertions of privilege in federal question cases, even those involving pend[e]nt state law claims, are governed by federal common law, rather than state law." Rouson ex rel. Estate of Rouson v. Eicoff, No. 04-CV-2734 (ARR)(KAM), 2006 WL 2927161, at *4 (E.D.N.Y. Oct. 11, 2006) (rejecting, as inapplicable, claim of privilege arising under New York Bank Law § 36(10)); see von Bulow v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987); see also Transcript of Proceedings Held on

---

[6](…continued)
whether those documents are also subject to a First Amendment presumption of access, which "demands broader disclosure than the common law." In re NBC Universal, Inc., 426 F.Supp.2d 49, 56 (E.D.N.Y. 2006) (emphasis omitted) (citing Lugosch, 435 F.3d at 124); see generally Basciano, 2010 WL 1685810, at *2 n.3 (where common law right of access required public disclosure, court declined to reach constitutional question of access).

January 30, 2014 Before Judge Orenstein (docketed Jan. 31, 2014) ("1/30/14 Tr.") at 16, DE #169 (Judge Orenstein notes that as "this is a federal case involving a federal statute," the Supremacy Clause trumps assertions of privilege under state laws). The federal bank examination privilege protects only "expressions of opinion or recommendations in intragovernmental documents; it does not protect purely factual material." In re Franklin Nat'l Bank Sec. Litig., 478 F.Supp. 577, 581 (E.D.N.Y. 1979) (collecting cases). Even with respect to opinions and recommendations, that privilege is not absolute: "[T]he privilege is a discretionary one that depends upon [a]d hoc considerations of competing policy claims." Rouson, 2006 WL 2927161, at *5 (quoting In re Franklin, 478 F.Supp. at 582).

Here, the Banking Portions contain only factual materials not subject to the federal bank examination privilege, as plaintiffs were denied access to materials reflecting bank regulators' opinions. See 11/24/15 Pl. Opp. at 4 (citing Motion to Compel (Dec. 13, 2013), DE #116 (seeking to compel production of bank regulators' deliberative materials); 1/30/14 Tr. at 18-19 (noting that Judge Orenstein denied this motion to compel)). Accordingly, defendant's motion to seal the Banking Portions is denied.[7]

### III. The STAR Portions

Defendant argues that the four STAR Portions, which refer to statements made in

---

[7] Furthermore, the DFS has consented to the public filing of the Banking Portions contained in the parties' summary judgment briefs. See DFS Letter. Thus, even if the federal bank examination privilege -- or New York Banking Law § 36(10) -- were to apply to these materials, that privilege would be deemed waived to this limited extent. See Rouson, 2006 WL 2927161, at *3 (noting that assertions of bank regulators' privilege are waivable by bank regulators). Despite DFS's waiver, defendant has not withdrawn its objections to unsealing the Banking Portions.

-8-

various Board meetings, are "confidential insofar as they reveal the Board's internal communications, which were never intended to be made public." 11/11/15 Def. Mot. at 5. Having reviewed these Portions, the Court concludes otherwise: defendant has not made a sufficient showing to overcome the presumption of public access. Defendant does not show how disclosure of the brief references to the STAR lending programs (which Emigrant Bank ended in 2008, see Pl. SJ Opp. at 9) would put defendant at a competitive or financial disadvantage. Cf. Standard Inv. Chartered, 347 F.App'x at 617 (affirming redaction of financial data contained in defendant's correspondence with the IRS that an outsider could use to "deduce [defendant's] negotiation tactics"). While defendant complains that disclosure of Board deliberations "would chill the free flow of discussion at future meetings," 11/11/15 Def. Mot. at 5, this conclusory assertion is not, without more, sufficient ground for sealing portions of the parties' summary judgment briefs. See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., No. 07Cv.2014(SWK), 2008 WL 199537, at *12 (S.D.N.Y. Jan. 22, 2008) (rejecting "generalized arguments about a chilling effect" on corporate board deliberations as insufficient grounds to warrant sealing). In fact, in ruling on motions for summary judgment, courts in this Circuit often refer to board discussions that, as here, do not include competitive information. See, e.g., Cardone v. Empire Blue Cross & Blue Shield, 884 F.Supp. 838, 843 (S.D.N.Y. 1995) (quoting from minutes of a meeting of defendant's board); Bernhardt v. Interbank of N.Y., No. 92 CV 4550, 2009 WL 255992, at *2 (E.D.N.Y. Feb. 3, 2009) (discussing notes from a meeting of defendant's board). As plaintiffs correctly observe in opposing sealing, the STAR Portions "describe merely the presentations of Emigrant executives and the final actions taken by the Board, rather than the contents of 'free flow[ing]'

discussions of Board members." 11/24/15 Pl. Opp. at 2.

In short, defendant has not met its burden of showing a "most compelling reason[]" to warrant sealing of summary judgment briefs.  See Joy, 692 F.2d at 893.  Defendant's motion to seal the four STAR Portions is therefore denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to seal portions of the parties' briefs on summary judgment is denied in its entirety.  The Clerk is directed, on December 29, 2015, to unseal those briefs (DE # 364 and 368), without attachments,[8] as well as the entirety of the parties' letter briefs regarding this motion to seal (DE #377 and #380), including attachments.

**SO ORDERED.**

**Dated:    Brooklyn, New York
            December 10, 2015**

/s/ *Roanne L. Mann*

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[8] Out of an abundance of caution, and in light of the fact that this first round of sealing litigation was limited to the summary judgment briefs themselves, the attachments to the summary judgment briefs will remain under seal absent further order of the Court.