UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEAN ROBERT SAINT-JEAN, EDITH
SAINT-JEAN, FELEX SAINTIL, YANICK
SAINTIL, LINDA COMMODORE,
BEVERLEY SMALL, JEANETTE SMALL,
and FELIPE HOWELL,                                          MEMORANDUM
                                                            AND ORDER
                 Plaintiffs,

     -against-                                          11-CV-2122 (SJ)

EMIGRANT MORTGAGE COMPANY,
EMIGRANT BANK, and EMIGRANT
BANCORP, INC.,

                 Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

On February 5, 2015, the Court adopted the parties' proposed schedule for briefing defendants' motion to seal. See Electronic Order Granting Motion to Amend/ Correct/ Supplement (Feb. 5, 2016); see also Letter Motion to Amend/ Correct/ Supplement (Feb. 4, 2016) ("Proposed Briefing Schedule"), Electronic Case Filing ("ECF") Docket Entry ("DE") #394. In accordance with the Proposed Briefing Schedule, defendants served their motion to seal (the "Motion to Seal") on plaintiffs on or before February 29, 2016; defendants also provided a courtesy copy of the Motion to Seal to the Court.

In their Motion to Seal, defendants argue that certain communications between

Emigrant[1] and its regulators are subject to the federal bank examination privilege, and should therefore remain confidential.  See Motion to Seal at 3.  In particular, defendants note that the New York State Department of Financial Services ("DFS") waived the bank examination privilege in limited respects only, and that, "[a]ccordingly, the Court should invite the DFS to provide its input on the disclosure of its regulatory correspondence with Emigrant before any such materials are made public."  Id. at 4.  Likewise, defendants contend that certain communications between Emigrant and the Federal Deposit Insurance Corporation ("FDIC") "should remain under seal until the FDIC has been given an opportunity by the Court to provide its view on whether its communications should be kept under seal."  Id.

As this Court noted the last time it denied a motion to seal filed by defendants, the federal bank examination privilege may be waived by the bank regulators.  See Memorandum and Order re Letter Motion to Seal (Dec. 10, 2015) at 8 n.7 (citing Rouson *ex rel.* Estate of Rouson v. Eicoff, No. 04-CV-2734 (ARR)(KAM), 2006 WL 2927161, at *3 (E.D.N.Y. Oct. 11, 2006)), DE #382.  Defendants do not appear to have yet solicited the views of either the DFS or the FDIC regarding the applicability of the privilege, but instead ask the Court to do so.

Defendants are directed to serve on the DFS and the FDIC, no later than March 16, 2016, a copy of each communication with the DFS and the FDIC, respectively, that defendants believe is subject to sealing under the federal bank examination privilege, along with a copy of this Memorandum and Order.  To the extent that the DFS or the FDIC has any

---

[1]  Defendants' Motion to Seal refers to defendants collectively as "Emigrant."

interest in sealing any of those communications, they are invited to submit a letter to the Court, by March 25, 2016, explaining their views.

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
              **March 14, 2016**

                /s/ *Roanne L. Mann*
                **ROANNE L. MANN**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**