UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JEAN ROBERT SAINT-JEAN, et al.,

                              Plaintiffs,       11-CV-2122 (SJ)(CLP)

    v.

                                                **MEMORANDUM**
EMIGRANT MORTGAGE COMPANY, et al.,      **AND ORDER**

                               Defendants.
----------------------------------------------------------------x
A P P E A R A N C E S:

SOUTH BROOKLYN LEGAL SERVICES
Foreclosure Prevention Project
105 Court Street
Brooklyn, NY 11201
  By:    Jennifer Sinton
           Meghan Faux
           Rachel Geballe
Attorneys for Plaintiffs

RELMAN DANE & COLFAX, PLLC
1225 19th St., NW, Suite 600
Washington, DC 20036
  By:    Reed Colfax
           Lila Miller
           Tara Ramchandani
Attorneys for Plaintiffs

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
  By:    Bettina B. Plevan
           Rachel Fisher
           Harris Mufson
Attorneys for Defendants

SULLIVAN & CROMWELL LLP
125 Broad Street

New York, NY 10004
By: Richard H. Klapper
Attorneys for Defendants

JOHNSON, United States District Judge:

The facts and circumstances surrounding this action have been set forth in countless opinions and familiarity with the procedural posture is assumed. (Dkt. Nos. 206, 258, 618, 627.) Briefly, defendants Emigrant Bank and Emigrant Mortgage Company ("Defendants" or "Emigrant") were found liable to plaintiffs Jean Robert Saint-Jean, Edith Saint-Jean, Beverley Small, Jeanette Small, Linda Commodore and Felipe Howell, after Defendants issued mortgage loans to them that did not require proof of assets or income ("STAR NINA loans") and imposed an 18% interest rate upon one late payment, which, in every case at issue, occurred. The interest rate stripped the equity that these mortgagors held in their properties and on June 27, 2016, a jury found that the STAR NINA loans violated the Fair Housing Act, 42 U.S.C. §§ 3604, 3605 ("FHA"); the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq.; and of New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. The jury awarded varying compensatory damages to these homeowners and denied their prayer for punitive damages. Two additional plaintiffs, Felex and Yanick Saintil (the "Saintils"), were found to have knowingly and voluntarily signed a release preventing them from bringing an action on their STAR NINA loan and were not awarded any damages.

Both Plaintiffs and Defendants filed post-trial motions and on August 30, 2018, this Court found (1) that the damages awarded were against the weight of the evidence and that (2) notwithstanding the Saintils' having knowingly and voluntarily signed the release, the release itself is void as against public policy. (Dkt. No. 618.) A retrial on damages is set for April 1, 2019.

On February 20, 2019, Emigrant moved the Court to preclude all of the plaintiffs ("Plaintiffs") from pursuing punitive damages at retrial.[1] Plaintiffs responded on March 4, 2019. Based on the submissions of the parties, the oral argument held on March 8, 2019, and for the reasons stated below, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

**DISCUSSION**

Defendants argue that the doctrine of collateral estoppel, or issue preclusion, prevents Plaintiffs from seeking punitive damage at retrial. However, there has been no judgment entered in this case. Therefore, this argument has no merit. See Dukes v. City of Albany, 289 F. Supp. 3d 387, 393 (N.D.N.Y. 2018) ("When no order or final judgment has been entered on a verdict or decision, or when the judgment is subsequently vacated, collateral estoppel is inapplicable") (quoting Church v. New

---

[1] Emigrant also attacked the sufficiency of Plaintiffs' Statement of Damages and Other Relief sought. In light of Plaintiff's agreement to amend this statement, this issue is now moot and will not be addressed herein.

3

York State Thruway Auth., 16 A.D.3d 808, 791 N.Y.S.2d 676 (N.Y. App. Div. 1992); see also Stone v. Williams, 970 F.2d 1043, 1054 (2d Cir. 1992) (finding that collateral estoppel "prevent[s] relitigation of an issue of fact…that has *already been necessarily decided as part of a valid, final judgment*") (citations omitted) (emphasis added).

Plaintiffs, on the other hand, argue that "[c]ourts in this Circuit regularly include punitive damages when damages are retried." (Dkt. No. 639 at 2.) However, Plaintiffs rely on two cases in which the court specifically stated that the retrial was to include both compensatory and punitive damages. See Annis v. County of Westchester, 136 F.3d 239, 249 (2d Cir. 1998) (granting a new trial "on both compensatory and punitive damages"); see also Morris v. Eversley, 2004 WL 856301, at *1 (S.D.N.Y. Apr. 20, 2004) (ordering new trial "limited to the issue of the amounts of compensatory damages and punitive damages").

In the instant case, though there was occasional reference to Emigrant's conduct, the Court largely focused on the relationship between the damage awards and the losses suffered by the homeowners. (See Dkt. No. 618 at 40 ("In short, the STAR NINA program had very different emotional and economic effects on each of the Plaintiffs and this court cannot determine the extent that the jury weighed the testimony or arrived at each Plaintiff's actual damages.") (quoting Anderson Group, LLC v. City of Saratoga Springs, 805 F.3d 34, 52 (2d. Cir. 2015), for the proposition that "compensatory damages are designed to place the plaintiff in a position

4

substantially equivalent to the one he would have enjoyed had no tort been committed."); see generally Dkt. No. 618 at 34-42 (comparing each award family-by-family with a focus on the cost of entering the loan and the emotional effects of defaulting).

However, with respect to the Saintils, once the jury determined that the release was signed knowingly and voluntarily, the jury was prohibited from considering the Saintils in their answers about the propriety of punitive damages. (See Verdict Sheet (Dkt. No. 518 at 3).) Therefore, a determination has not been made as to whether Emigrant's conduct, specifically as to the Saintils, would support a jury finding of punitive damages.

Federal Rule of Civil Procedure 42(b) permits the Court to "separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Because

> it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether of the defendant's conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant . . . the parties should then be allowed to present evidence with respect to the amount of the punitive damage award.

Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 373-74 (2d Cir. 1988); see also Pugliese v. Long Island R.R. Co., 2008 WL 163601, at *3-4 (E.D.N.Y. Jan. 16, 2008) (bifurcating punitive damages claim in order to avoid prejudice to defendant in the

5

liability phase). In this case, Defendants seek two separate trials, while Plaintiffs submit that a "damages retrial can accommodate parties in slightly different postures." (Compare Dkt. No. 635 at 3 with Dkt. No. 639 at 3.) The Court sees no reason to sever the Saintils entirely, but will sever Plaintiffs' compensatory damages claim from the Saintil's request for punitive damages. Two separate trials at this stage in a nearly eight-year-old litigation would be an unnecessary expenditure of resources.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

Dated: March 15, 2019 _____/s/_____
      Brooklyn, New York       Sterling Johnson, Jr., U.S.D.J.