Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 19, 2019

Bettina B. Plevan
Member of the Firm
d +1.212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Sterling Johnson, Jr.
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Saint-Jean, *et al*. v. Emigrant Mortgage Company, *et al*., 11-cv-02122 (SJ)(RLM)**

Dear Judge Johnson:

We represent Defendants and write to the Court to address the order of trial proceedings.  On March 15, 2019 the Court issued a Memorandum and Order addressing the scope of the upcoming damages trial.  (Dkt. No. 653.)  The Court ordered that only Felex and Yanick Saintil could seek punitive damages at the upcoming trial, and that the Court would "sever Plaintiffs' compensatory damages claim from the Saintils' request for punitive damages."  (*Id.* at 6.)

In light of the Court's decision, we believe the trial should proceed in three phases.  In Phase One, the jury would hear evidence as to compensatory damages for all Plaintiffs, and then issue a verdict as to those damages, if any.  In Phase Two, the jury would hear evidence relevant to the Saintils' claim for punitive damages, and then issue a verdict as to whether or not to award such damages.  If the jury decides that punitive damages are warranted, then, in Phase Three, additional evidence would be presented that addresses only the amount of such damages.  The proposed Statement of the Case (Dkt. No. 674), Jury Charges (Dkt. No. 677) and Verdict Form (Dkt. No. 675) that Defendants are submitting to the Court today correspond to this three-phased approach to the upcoming damages trial.

The Second Circuit has stated its preference for proceeding in this fashion when punitive damages are at issue.  *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 285 n.1 (2d Cir. 2003) ("an appropriate bifurcation would be to defer the determination of the amount of punitive damages until determinations have been made as to liability, the amount of compensatory damages, and whether to award any punitive damages").  New York District Courts have similarly "expressed a preference to bifurcate determinations of the availability and the amount of punitive damages so that financial information relevant to the latter issue does not unduly influence the former determination."  *TVT Records v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 746-47 (S.D.N.Y.2003).  *See also Dent v. U.S. Tennis Ass'n*, No. 08 Civ. 1533 (RJD)(VVP), 2010 WL 1286391, at *1 (E.D.N.Y. Mar. 30, 2010) ("Net worth is only relevant if there is a finding that punitive damages should be awarded.")

**Proskauer»**

Hon. Sterling Johnson
March 19, 2019
Page 2

Here, the Court has already determined that the issue of whether the Saintils are entitled to punitive damages will be decided separately from the jury's determination of compensatory damages as to all Plaintiffs. Further separating the issue of the *amount* of punitive damages into a third and final phase of trial is necessary because evidence of Emigrant's net worth, or other evidence concerning the amount of punitive damages, would be prejudicial if presented before the jury finds that punitive damages are warranted. Such evidence may improperly influence the jury's decision to award punitive damages. As noted above, courts in the Second Circuit have acknowledged the prejudicial effect of requiring a defendant to litigate its net worth before punitive liability is determined.

Conducting the trial in three phases will also promote efficiency and judicial economy because evidence that goes to the amount of punitive damages may be rendered unnecessary if the jury finds that the Saintils are not entitled to punitive damages. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (bifurcation appropriate where litigation on one issue may obviate need to try second issue); *Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 49-50 (E.D.N.Y.2001) (Weinstein, J.) ("Separating these issues for trial before the same jury may ensure the expeditious and economic resolution of this case. Regardless of the jury's verdict, resolution of the compensatory liability issue could well end litigation of the other issues.")

Accordingly, Defendants submit that the trial should proceed in the three phases described above, and have prepared their Statement of the Case, Jury Charges and Verdict Form to correspond to these proposed phases of trial.

Respectfully submitted,

*/s/ Bettina B. Plevan*
Bettina B. Plevan

cc: All counsel (via ECF)