UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JEAN ROBERT SAINT-JEAN, EDITH SAINT-JEAN, FELEX SAINTIL, YANICK SAINTIL, LINDA COMMODORE, BEVERLEY SMALL, JEANETTE SMALL, AND FELIPE HOWELL,

    Plaintiffs,

-v-

EMIGRANT MORTGAGE COMPANY AND EMIGRANT BANK,

    Defendants.

Hon. Sterling Johnson, Jr.

Case No. 11-02122 (SJ) (RLM)

ECF Filing

---

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE MEDICAL RECORDS AND RELATED TESTIMONY

Richard H. Klapper
Matthew A. Schwartz
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

Bettina B. Plevan
Evandro C. Gigante
Harris M. Mufson
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Defendants*
*Emigrant Mortgage Company and Emigrant Bank*

March 15, 2019

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arlio v. Lively*,
    474 F.3d 46 (2d Cir. 2007)......................................................................................2, 3

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006)..........................................................................................3

*Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*,
    No. 14-cv-3673 (KAM) (JO), 2017 WL 10088567 (E.D.N.Y. Sept. 4, 2017)..........................6

*Fane v. Zimmer, Inc.*,
    927 F.2d 124 (2d Cir. 1991).........................................................................................6

*Johnson v. White*,
    No. 9:14-CV-00715 (MAD), 2015 WL 6449126 (N.D.N.Y. Oct. 23, 2015) ...........................5

*Pierce v. City of New York*,
    No. 16-CV-5703 (BMC), 2017 WL 10188217 (E.D.N.Y. June 9, 2017)..................................6

*Porter v. Home Depot U.S.A., Inc.*,
    No. 12-CV-4595 (NGG) (CLP), 2015 WL 128017 (E.D.N.Y. Jan. 8, 2015)........................3, 5

*United States v. Pugh*,
    162 F. Supp. 3d 97 (E.D.N.Y. 2016) ................................................................................5

*Vogelfang v. Riverhead Cty. Jail*,
    No. 04-CV-1727 (SJF) (AKT), 2012 WL 1450560 (E.D.N.Y. Apr. 19, 2012).........................6

**OTHER AUTHORITIES**

Federal Rules of Evidence Rule 401................................................................................2

2 Jack B. Weinstein & Margaret A. Berger,
    *Weinstein's Federal Evidence* § 401.04[2][a] (2d ed. 2006) .......................................2

**PRELIMINARY STATEMENT**

During the 2016 trial, Plaintiffs Edith Saint-Jean, Beverly Small, and Felex and Yanick Saintil testified about personal health issues in support of their claims for compensatory damages. These same Plaintiffs, and perhaps others, presumably will seek to do so again at the upcoming damages trial.

Defendants have filed a motion *in limine* to preclude Plaintiffs from introducing evidence regarding their medical conditions or health issues at trial because they have not proffered any medical evidence establishing a causal link between such conditions and Emigrant's alleged conduct. (Dkt. No. 648.) Statements made by Plaintiffs in their motion to exclude their medical records and testimony demonstrate why this Court should grant Emigrant's motion to avoid violating the lay opinion rule. In particular, Plaintiffs admit in their motion that "some Plaintiffs attribute the exacerbation of certain ailments to stress caused by Emigrant" (Dkt. No. 651, 652-1, Pl. Mem. at 2), and four Plaintiffs "sought treatment for ailments they believe worsened due to stress caused by Emigrant." (*Id.* at 3.) Indeed, if the Court grants Defendants' motion to preclude Plaintiffs from introducing evidence regarding their medical conditions or health issues, then any need to rely on Plaintiffs' medical information is moot and Defendants would have no objection to Plaintiffs' motion.

Nevertheless, in this motion Plaintiffs seek to hamstring Emigrant in responding to their lay opinions by precluding it from relying on Plaintiffs' medical records to rebut their emotional distress claims. Plaintiffs should not be permitted to use their medical conditions as both a sword-- by claiming that such conditions were exacerbated by their Emigrant loans without medical evidence-- and a shield-- by precluding Emigrant from challenging Plaintiffs' causation argument based on medical testimony and evidence.

**ARGUMENT**

I. **PLAINTIFFS' MEDICAL RECORDS ARE RELEVANT TO REBUT THEIR CAUSATION ARGUMENTS.**

Plaintiffs' medical records and treating physicians' testimony – which undermine their causation arguments – would be highly relevant rebuttal evidence if their lay opinions are admitted.

Although Plaintiffs claim they assert garden-variety emotional distress claims, their 2016 trial testimony went far beyond that by asserting lay opinions that Emigrant's conduct caused ███████████████████████████████████████████ Ms. Small even testified about her ███ ██████████████████████████ at the 2016 trial, despite admitting in pretrial submissions that these conditions were unrelated to Emigrant's alleged conduct. In their depositions, ███████████ ███████████ to Emigrant while ██████████████████ ██████████ because of her foreclosure. As Defendants demonstrate in their motion to preclude Plaintiffs from testifying about their medical conditions (Dkt. No. 648), such testimony is inadmissible. If the Court permits Plaintiffs (or any other lay witness) to testify at trial to such lay medical opinions, Emigrant must be able to rely on Plaintiffs' medical records and testimony of treating physicians to refute Plaintiffs' lay opinions as to the causes of their emotional distress.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (quoting 2 Jack B. Weinstein & Margaret A.

Berger, *Weinstein's Federal Evidence* § 401.04[2][a], at 401-19 (2d ed. 2006)). "A material fact is one that would affect the outcome of the suit under the governing law." *Arlio*, 474 F.3d at 52 (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted)).

Contrary to Plaintiffs' assertion, the fact that Plaintiffs' medical records either refute, or make no mention of, their claims of emotional distress is precisely why such evidence is relevant. Courts have routinely held that medical records are admissible where they rebut a plaintiff's claims that defendant caused their injuries. *See Porter v. Home Depot U.S.A., Inc.*, No. 12-CV-4595 (NGG) (CLP), 2015 WL 128017, at *5 (E.D.N.Y. Jan. 8, 2015) ("Defendant may use the [medical] record at trial to cross-examine Plaintiff and Plaintiff's expert witnesses with respect to causation of Plaintiff's claimed injuries and damages, and it may enter that record into evidence, subject to the elicitation of testimony explaining its relevance").

Here, many of the Plaintiffs did not seek treatment for their medical conditions, which undermines the credibility of their claims.[1] When they did seek treatment, they did not mention their Emigrant loan as the cause of their ailments. (Dkt. No. 651, 652-1, Pl. Mem. at 2-3.) For example, ████████████████████████████████████████████████████



---
[1] ████████████████████████████████████████████████████

3



For those Plaintiffs who sought medical treatment, their failure to attribute their health issues to Emigrant or their physicians' testimony that their medical conditions were *not* caused by Emigrant, is highly relevant. Emigrant should thus be permitted to elicit testimony about Plaintiffs' medical records and call their physicians to testify in order to undermine their claims that their medical conditions were exacerbated by Emigrant's conduct.

## II. PLAINTIFFS' MEDICAL RECORDS ARE NOT PREJUDICIAL AND ANY POTENTIAL PREJUDICE CAN BE MITIGATED.

The introduction of Plaintiffs' medical records, and testimony from their doctors, would not prejudice Plaintiffs. As an initial matter, Defendants will seek to limit the introduction of Plaintiffs' medical records and physician testimony to those conditions identified by Plaintiffs during their trial testimony and their depositions. A decision on the scope of questioning depends, of course, on the scope of Plaintiffs' direct testimony. If plaintiffs do not submit documents or testimony in support of lay opinions that Emigrant's loans caused their medical conditions, no rebuttal testimony would be necessary. Courts frequently reserve ruling on a motion *in limine* where the parties designate a large number of documents, including medical

---

[2] Relevant portions of the March 10, 2015 deposition of Dr. Bernard Lewin are attached to the Declaration of Harris M. Mufson, Esq., dated Mar. 15, 2019, as Ex. A.

4

records, as an exhibit. *See Johnson v. White*, No. 9:14-CV-00715 (MAD), 2015 WL 6449126, at *6 (N.D.N.Y. Oct. 23, 2015) (reserving judgment on motion *in limine* to exclude 800 pages of plaintiff's medical records and opting to rule on individual medical records as they are raised at trial); *see also United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016) (holding that "A court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context"). Should the Court permit lay medical opinions, however, it should give Defendants the opportunity to "elicit some testimony with respect to the relevance of the record to allow the jury to understand the connection or lack thereof." *See Porter*, 2015 WL 128017, at *3.

Plaintiffs also take issue with Defendants' identification of the entirety of their medical records as exhibits when only portions may be relevant. Defendants designated Plaintiffs' entire medical records as exhibits because that was the form in which Defendants received the documents, and Defendants sought to avoid objections that the records were incomplete. Moreover, Defendants do not anticipate eliciting testimony about sensitive personal matters unrelated to any evidence the Court permits Plaintiffs to submit that Emigrant's actions exacerbated their medical conditions. To the extent Defendants need to offer medical records into evidence, the Court can also shield Plaintiffs' privacy by not filing those trial exhibits in the public record and, if necessary, redacting the medical records to mask irrelevant material.

For these reasons, the relevance of these medical records substantially outweighs any risk of prejudice because the Court may implement measures to mitigate Plaintiffs' concerns.

### III.   PLAINTIFFS' MEDICAL RECORDS AND THE TESTIMONY OF PLAINTIFFS' TREATING DOCTORS ARE NOT CUMULATIVE OF PLAINTIFFS' ANTICIPATED TESTIMONY.

Plaintiffs make the absurd argument that medical evidence is cumulative because the Plaintiffs intend to testify about causation. On this theory, Defendants' evidence is always

5

cumulative because it may cover and repudiate Plaintiffs' evidence on the same topics. Plaintiffs' medical records are not cumulative when they contradict or call into question the existence of the ailments about which Plaintiffs intend to testify (Dkt. No. 651, 652-1, Pl. Mem. at 2-3). Nor are they duplicative when they suggest that factors other than Plaintiffs' Emigrant loans may have caused their medical conditions.

Moreover, for the reasons explained in Defendants' motion *in limine* to preclude Plaintiffs from providing lay opinion testimony about their medical conditions, treating physicians offer insights into causation that Plaintiffs themselves cannot offer. "[T]estimony regarding medical diagnoses must be based on specialized knowledge pursuant to Rules 701 and 702 and is therefore outside the scope of plaintiff's knowledge." *Pierce v. City of New York*, No. 16-CV-5703 (BMC), 2017 WL 10188217, at *3 (E.D.N.Y. June 9, 2017) (citing *Vogelfang v. Riverhead Cty. Jail*, No. 04-CV-1727 (SJF) (AKT), 2012 WL 1450560, at *6 (E.D.N.Y. Apr. 19, 2012)) (granting motion *in limine* to preclude plaintiff from testifying as to his personal beliefs on causation); *see also Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*, No. 14-cv-3673 (KAM) (JO), 2017 WL 10088567, at *8 (E.D.N.Y. Sept. 4, 2017) ("In general, a plaintiff who has suffered a physical injury must offer expert medical testimony to show the cause of the injury.") (citing *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991)).



6

This testimony, which contradicts Plaintiffs' 2016 trial testimony and anticipated 2019 re-trial testimony, is relevant and not cumulative.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiffs' motion *in limine* to exclude medical records and related testimony, and grant Defendants' motion *in limine* seeking to preclude Plaintiffs from introducing evidence regarding their medical conditions at trial (Dkt. No. 648).

Dated: March 15, 2019
       New York, New York

Richard H. Klapper
Matthew A. Schwartz
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000

Respectfully submitted,

*/s/ Bettina B. Plevan*
Bettina B. Plevan
Evandro C. Gigante
Harris M. Mufson
PROSKAUER ROSE LLP
11 Times Square
New York, NY  10036
(212) 969-3000

*Attorneys for Defendants*
*Emigrant Mortgage Company and Emigrant Bank*