Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 3, 2019

**VIA ECF**

Hon. Roanne Mann
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Bettina B. Plevan
Member of the Firm
d 212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

**Re: Saint-Jean, *et al.* v. Emigrant Mortgage Company, *et al.*, 11-cv-02122 (SJ)(RLM)**

Dear Judge Mann:

We represent Defendants in this case and write, as permitted by the Court (Dkt. No. 691) to present objections to Plaintiffs' proposed *voir dire* questions (Dkt. No. 666) and to modify one of Defendants' proposed *voir dire* questions (Dkt. No. 676).  Defendants also provide their proposed Statement of the Case.

   A.  **Defendants' Objections to Plaintiffs'** *Voir Dire*.

<u>Plaintiffs' Proposed Question 21.</u> This question asks whether potential jurors believe that federal or state governments regulate banks too much.  This question is improper because it has no bearing on damages, which is the only issue to be tried.  The question suggests that more or less regulation would have an impact on the outcome of this trial, but the potential jurors' answer to this question has no relevance to this case because Emigrant's STAR NINA loan program, the only loan program at issue, was discontinued nearly a decade ago.  Therefore, whether jurors believe that the government currently regulates banks too much or too little does nothing to inform counsel as to whether jurors may be biased against either party.

<u>Plaintiffs' Proposed Questions 37.</u> This question asks if jurors "were told that a person had been discriminated against because of his or her race, would you be able to award that person money to compensate for the discrimination that he or she suffered."  This question is improper because it implies that Plaintiffs are entitled to damages based on a finding of liability, regardless of whether Plaintiffs can actually prove that they suffered any damages.

For these reasons, Plaintiffs' proposed *voir dire* questions 21 and 37 should be stricken.

   B.  **Defendants' Modifications to Their Proposed** *Voir Dire*.

After conferring with Plaintiffs' counsel, Defendants agreed to modify Question 7 of their proposed *voir dire* as follows:

**Proskauer»**

Hon. Roanne Mann
May 3, 2019
Page 2

       7.     Do you feel that you will be able to render a fair verdict on damages without hearing evidence ~~of the underlying merits of the case~~ **concerning liability**?

   **C. Defendants' Proposed Statement of the Case**

Pursuant to the Court's Order (Dkt. No. 691), the parties met and conferred but were unable to agree on a Statement of the Case to be read to prospective jurors. Defendants propose that the Court read the following statement to prospective jurors prior to *voir dire*:

> "This case involves eight plaintiffs who received STAR NINA loans from Defendants Emigrant Bank and Emigrant Mortgage Company. In this trial, you will not be asked to determine liability. Instead, you will be asked to determine the amount of money, if any, that will compensate plaintiffs for any injuries directly caused by Defendants' conduct, but only to the extent they are greater than any benefits that the Plaintiffs received by having obtained their loans."

Judge Johnson also requested that the parties submit their proposed statements, and Defendants submitted this same statement to Judge Johnson yesterday. (*See* Dkt. No. 697.)

Respectfully submitted,

*/s/ Bettina B. Plevan*

Bettina B. Plevan