UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEAN ROBERT SAINT-JEAN, et al.,

                                            Plaintiffs,      11-CV-2122 (SJ)(CLP)

      v.

                                            **MEMORANDUM**
EMIGRANT MORTGAGE COMPANY, et al.,     **AND ORDER**

                                            Defendants.
-----------------------------------------------------------------x
A P P E A R A N C E S:

SOUTH BROOKLYN LEGAL SERVICES
Foreclosure Prevention Project
105 Court Street
Brooklyn, NY 11201
By:    Jennifer Sinton
        Meghan Faux
        Rachel Geballe
Attorneys for Plaintiffs


RELMAN DANE & COLFAX, PLLC
1225 19th St., NW, Suite 600
Washington, DC 20036
By:    Reed Colfax
        Lila Miller
        Tara Ramchandani
Attorneys for Plaintiffs


PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
By:    Bettina B. Plevan
        Rachel Fisher
        Harris Mufson
Attorneys for Defendants

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
By:   Richard H. Klapper
Attorneys for Defendants

JOHNSON, United States District Judge:

The facts and circumstances surrounding this action have been set forth in countless opinions and familiarity with the procedural posture is assumed. (Dkt. Nos. 206, 258, 618, 627, 653, 689.) Briefly, defendants Emigrant Bank and Emigrant Mortgage Company ("Defendants" or "Emigrant") were found liable to plaintiffs Jean Robert Saint-Jean, Edith Saint-Jean, Beverley Small, Jeanette Small, Linda Commodore and Felipe Howell, after Defendants issued mortgage loans to them that did not require proof of assets or income ("STAR NINA loans") and imposed an 18% interest rate upon one late payment, which, in every case at issue, occurred. The interest rate stripped the equity that these mortgagors held in their properties and on June 27, 2016, a jury found that the STAR NINA loans violated the Fair Housing Act, 42 U.S.C. §§ 3604, 3605 ("FHA"); the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq.; and of New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. The jury awarded varying compensatory damages to these homeowners and denied their prayer for punitive damages. Two additional plaintiffs, Felex and Yanick Saintil (the "Saintils"), were

found to have knowingly and voluntarily signed a release preventing them from bringing an action on their STAR NINA loan and were not awarded any damages.

Both Plaintiffs and Defendants filed post-trial motions and on August 30, 2018, this Court found (1) that the damages awarded were against the weight of the evidence; and that (2) notwithstanding the Saintils' having knowingly and voluntarily signed the release, the release itself is void as against public policy. (Dkt. No. 618.)

Presently before the Court is Plaintiffs' motion to maintain for the re-trial the Court's in limine rulings from the first trial. Based on the submissions of the parties (both in advance of the first trial and the upcoming retrial), the oral argument held on April 9, 2019, and for the reasons stated below, Plaintiffs' motions is granted.

## DISCUSSION

**In Limine Rulings Made During the 2016 Trial**

Plaintiffs argue that the Court should maintain the 10 non-Daubert in limine rulings made in advance of the 2016 trial because they are the "law of the case." This doctrine "[a]s a general matter" permits the Court to "adhere to its own decision at an earlier stage in the litigation." United States v. Plugh, 646 F.3d 118, 123-4 (2d Cir. 2011). Defendants argue that to do so would result in a "manifest injustice" in

that Defendants would not be able to present "evidence regarding the substantial benefits Plaintiffs received by virtue of their Emigrant loans." (Dkt. No 655 at 4.)

Defendants argument is unpersuasive. It is the same argument made and rejected by this Court after significant briefing and oral argument in anticipation of the first trial. All of those arguments were carefully considered by this Court then, and there has been no intervening change of law, new available evidence or clear error. Id.

The Court flatly rejects the argument that, without revisiting certain identical in limine motions, they will be prevented from showing the benefits of the loan that the mortgagors enjoyed. Defendants specifically want the jury to be informed that certain plaintiffs purchased vehicles with the proceeds, or that certain families brought in an amount of money that, in their view, should have been used to repay the loan and avoid imposition of the 18% interest rate upon one late payment.

This Court already ruled that documentation as to Plaintiff's financial or tax status may be admitted *if those documents were submitted to Emigrant in connection with the mortgage application*. Defendants' argument that they need to present evidence of exactly how the loan was spent otherwise a manifest injustice will occur is unavailing. Plaintiffs are not disputing they received the funds and Defendants

P-049

4

have shown no reason why a jury would be unable to understand that receipt of the funds, in and of itself, is a benefit. Therefore, Plaintiff's motion is granted.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted.

SO ORDERED.

Dated: May 7, 2019
      Brooklyn, New York

                                  Sterling Johnson, Jr., U.S.D.J.

---

[1] At the first trial, Court also granted Plaintiffs' motion to preclude supplemental expert reports produced by defense witness Dr. Marsha Courchane. At oral argument on April 9, 2019, the parties were in agreement that Dr. Courchane's report is no longer untimely and that she may testify as to damages. Counsel for Defendants indicated that the statistical analyses performed by Dr. Courchane "isn't relevant at all in connection with the damages trial." (Transcript (Tr.) of 4/9/19 proceedings at 9-10.) Therefore, this portion of Plaintiffs' motion (as to Dr. Courchane) is denied as moot.