UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEAN ROBERT SAINT-JEAN, *et al.*,

                                  Plaintiffs,        11-CV-2122 (SJ)

    v.                                       **MEMORANDUM**
                                                      **AND ORDER**

EMIGRANT MORTGAGE COMPANY, *et al.*,

                                  Defendants.
-----------------------------------------------------------------x

APPEARANCES:

BROOKLYN LEGAL SERVICES
105 Court Street, Fourth Floor
Brooklyn, NY 11201
By:    Rachel Geballe
*Attorney for Plaintiffs*

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
By:    Richard H. Klapper
        Matthew A. Schwartz

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
By:    Bettina B. Plevan
        Evandro C. Gigante
*Attorneys for Defendants*

**JOHNSON**, Senior District Judge:

Plaintiffs move pursuant to Rule 25 of the Federal Rules of Civil Procedure for an order substituting the Administrator of the Estate of Felipe R. Howell, Sr., for plaintiff Felipe Howell, who died after his federal and statutory claims were tried to a verdict. Although the jury at that trial concluded that Mr. Howell was entitled to compensatory damages but not punitive damages, defendants nonetheless oppose this motion in part, arguing that the Court should "deny the ... motion to the extent the Administrator reserves the right to seek punitive damages in the unlikely event that he can do so in the future." For the reasons set forth below, the Court finds that the question of whether the Administrator might someday be able to collect punitive damages is not ripe for adjudication and grants the motion for substitution.

## BACKGROUND

The following facts are not in dispute. Mr. Howell is one of the eight plaintiffs named in the Second Amended Complaint (the "SAC"). The SAC alleges five causes of action, though the fifth cause of action is brought solely on behalf of the original plaintiffs in this action, Mr. and Mrs. Saint-Jean. The four causes of action brought on behalf of Mr. Howell and all other plaintiffs allege violations of the Fair Housing Act ("FHA"), the Equal Credit Opportunity Act ("ECOA"), the New York State Human Rights Law

P-049

("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The SAC demands compensatory damages with respect to all four of these causes of action and punitive damages with respect to all but the NYSHRL claim.

In June 2016, the jury found defendants liable under the FHA, ECOA, NYSHRL, and NYCHRL and awarded compensatory damages with respect to six of the eight plaintiffs.[1] The jury did not award punitive damages. By order dated August 20, 2018, the Court vacated the compensatory damage awards as against the weight of the evidence but did not disturb the jury's decision not to award punitive damages.

On May 1, 2020, Mr. Howell died in Athens, Georgia. On September 20, 2020, the State of Georgia issued Letters of Administration to Felipe R. Howell, Jr. (the "Administrator"). On December 14, 2020, plaintiffs filed the instant motion to substitute the Administrator for Mr. Howell pursuant to Rule 25(a)(1). That motion made no mention of plaintiffs' demand for punitive damages.

After plaintiffs filed the motion, defendants' counsel contacted plaintiffs' counsel and stated that defendants opposed the motion "on the

---

[1] The jury found that two plaintiffs, Felex and Yanick Saintil, had released their claims against defendants.

3

limited ground that the Administrator is not entitled to pursue Mr. Howell, Sr.'s claims for punitive damages in any future stage of this action or new trial because they extinguished when Mr. Howell, Sr. died." (Defendants' Memorandum of Law in Partial Opposition to Plaintiffs' Motion to Substitute ("Defendants' Memo") at 1.) Defendants themselves noted that the jury had already denied the punitive damages claim, and that these damages were no longer at issue. (*Id.*) However, when plaintiffs' counsel took the position that the Administrator might be able to seek punitive damages in the future, defendants' counsel filed opposition papers, urging the Court to "deny the Administrator's motion to the extent the Administrator reserves the right to seek punitive damages in the unlikely event that he can do so in the future." (*Id.* at 2.) These opposition papers prompted plaintiffs' counsel to file a reply, in which plaintiffs argue that punitive damages remain available under the FHA, ECOA, and NYCHRL despite Mr. Howell's death. (Plaintiffs' Reply in Support of Motion to Substitute (Doc. No. 765).)

## DISCUSSION

"Rule 25 tells courts what to do when a party to a lawsuit dies." *Kotler v. Jubert*, 986 F.3d 147, 153 (2d Cir.), *cert. denied*, 142 S. Ct. 598 (2021). That rule states in relevant part:

4

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Under Rule 25(a)(1), the court may order substitution after the death of a party only if (1) the motion is made 'within 90 days after service of a statement noting the death,' (2) the party sought to be substituted for the decedent is a 'proper party,' and (3) the claim is not 'extinguished.'" *Nachshen v. BPP ST Owner LLC*, No. 18 Civ. 10994 (JPC), 2021 WL 5042855, at *1 (S.D.N.Y. Oct. 29, 2021). The third requirement reflects the "self-evident" proposition that "an estate representative cannot substitute in to prosecute an extinguished claim." *Grinblat v. Michell Wolf LLC*, 338 F.R.D. 15, 16 (E.D.N.Y. 2021).

These three requirements have been met here. First, the Suggestion of Death was served on September 25, 2020, and the motion for substitution was filed December 14, 2020—less than 90 days later. Second, the Administrator, as the "person lawfully designated by state authority to represent the deceased's estate," is a "proper party" for substitution. *See, e.g., O'Rourke v. Drunken Chicken in NY Corp.*, No. 19 CV 3942 (NGG)(LB), 2021 WL 1394176, at *2 (E.D.N.Y. Feb. 26, 2021), *report and recommendation*

*adopted*, No. 19-CV-3942 (NGG)(LB), 2021 WL 973086 (E.D.N.Y. Mar. 16, 2021); *Roe v. City of New York*, No. 00 Civ. 9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

Third, none of the four causes of action brought by Mr. Howell has been extinguished by his death. "Absent some specific direction by Congress, whether an action created by federal statutory law survives the death of the plaintiff is a matter of federal common law." *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996). "[U]nder federal common law, a federal cause of action survives the death of a party if it is remedial and not penal in nature.'" *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 67 (W.D.N.Y. 1997).

Neither the FHA nor the ECOA contain specific provisions regarding whether an individual's claims under the statute survive the individual's death. *See Walters v. Cowpet Bay W. Condo. Ass'n*, 66 V.I. 740, 747 (D.V.I. Jan. 2, 2014) (FHA); *Montgomery v. Buege*, No. Civ. 08-385 WBS KJM, 2009 WL 1034518, at *2 (E.D. Cal. Apr. 16, 2009) (FHA); *F.T.C. v. Cap. City Mortg. Corp.*, 321 F. Supp. 2d 16, 21 (D.D.C. 2004) (ECOA). However, both the FHA and ECOA claims are remedial, rather than penal, in nature. *See Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 110 (3d Cir. 2017) ("A Fair Housing Act claim is remedial"); *United States v. Pelfrey as Tr. of W. Ray*

6

*Pelfrey Revocable Tr., dated Mar. 1, 2002*, No. CIV-18-945-HE, 2019 WL 2110582, at *3 (W.D. Okla. May 14, 2019) ("FHA claims are remedial"); *Cap. City Mortg. Corp.*, 321 F. Supp. 2d at 23 ("ECOA civil penalties ... are remedial in nature"). Accordingly, under the common law rule, these claims survive Mr. Howell's death.

Mr. Howell's two state-law claims also survive his death if "applicable state law creates a right of survival." *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). New York law provides:

> No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury where the death occurs on or before August thirty-first, nineteen hundred eighty-two.

N.Y. Est. Powers & Trusts Law § 11-3.2(b). Claims under the NYSHRL and NYCHRL are claims of "injury to person or property." *See Regalado v. Kohl's Dep't Stores, Inc.*, No. 13-CV-5624 (JS)(AKT), 2015 WL 8481881, at *1 (E.D.N.Y. Dec. 8, 2015). Accordingly, these two claims also survive Mr. Howell's death.

Although defendants oppose the motion for substitution, they do not argue that the three requirements for substitution have not been met.

P-049

Rather, defendants urge the Court to "deny the ... motion to the extent the Administrator reserves the right to seek punitive damages in the unlikely event that he can do so in the future." (Defendants' Memo at 2.) However, plaintiffs' motion papers do not seek to reserve any rights. Moreover, while plaintiffs' motion for substitution may require the Court to determine whether the deceased plaintiff's "claims" have been extinguished by his death, it does not require the Court make any determination regarding what damages or types of relief can be recovered with respect to the surviving causes of action.

Even if Mr. Howell's demands for punitive damages constituted "claims" for purposes of Rule 25(a)(1), those claims would not be ripe for adjudication. To be ripe, a claim must present "a real, substantial controversy, not a mere hypothetical question." *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993). A claim is not ripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985). As defendants themselves acknowledge, Mr. Howell's punitive damages claims have already been denied by the jury and are no longer at issue in this case. (Defendants' Memo at 1.) If these punitive damages claims are ever reinstated, defendants may then renew

their attempt to dismiss them on the ground that they did not survive Mr. Howell's death.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to substitute the Administrator for Mr. Howell as a plaintiff in this action is granted. The Court declines to address the question of whether Mr. Howell's demands for punitive damages survive his death. Defendants may raise this question only if those punitive damages claims are reinstated.

**SO ORDERED.**

Dated: March 17, 2022
Brooklyn, New York

s/Sterling Johnson, Jr.
Sterling Johnson, Jr., U.S.D.J.

P-049